UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

KEITH HENDERSON,                            Case No. 15-CV-1239 (ADM/SER)

            Plaintiff,

v.                                        REPORT AND RECOMMENDATION

HILTON HALL; LT. ROBIN WIGGIN;
CHIEF BRYANT; CHIEF WHISPER, FNL;
SGT. B. FREEMAN; SGT. COX; WARDEN
MELODY; WARDEN QUINN; SGT.
WALKER; SGT. SONYA PEOPLE; SARAH
MERAE, Case Manager; COUNSEL ISAAC;
CAPTAIN FASION, FNU; and POWELL,
Unit Manager,

            Defendants.

---

Plaintiff Keith Henderson, an inmate at the Valdosta State Prison in Valdosta, Georgia, brings this action seeking relief for alleged violations of his constitutional rights. Henderson did not pay the filing fee for this case, but instead filed an application to proceed *in forma pauperis* ("IFP"). *See* ECF No. 2. This matter is now before the Court for consideration of Henderson's IFP application.

As an initial matter, the Court notes that

> [i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). The supporting documents filed by Henderson make clear that Henderson previously filed at least three (and likely many, many more) civil actions in federal court that have been dismissed for frivolity, maliciousness, of failure to state a claim on which relief may be granted. *See* ECF No. 1-1 at 8-9, 17-20. Accordingly, Henderson would not normally be eligible for IFP status. Henderson suggests in sections in his complaint, however, that he is in imminent danger of injury due to conditions at the prison where he is incarcerated. Accordingly, the Court will consider the merits of Henderson's IFP application and complaint.

Henderson has provided insufficient information for this Court to determine whether he is financially eligible for IFP status or from which to calculate the initial partial filing fee for this case. *See* ECF No. 2; 28 U.S.C. § 1915(b). This is largely irrelevant, however, as an IFP application will be denied, and the action will be dismissed, when an IFP applicant has filed a complaint that fails to state a cause of action on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Atkinson v. Bohn*, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam). In reviewing whether a complaint states a claim on which relief may be granted, this Court must accept as true all of the factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. *Aten v. Scottsdale Ins. Co.*, 511 F.3d 818, 820 (8th Cir. 2008). Although the factual allegations in the complaint need not be detailed, they must be sufficient to "raise a right to relief above the speculative level . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must "state a claim to relief that is plausible on its face." *Id*. at 570. In assessing the sufficiency of the complaint, the court may disregard legal conclusions that are couched as factual allegations. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Pro se complaints are to be construed liberally, but they still must allege sufficient facts to support the claims advanced. *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

Henderson's complaint is largely unintelligible. This Court understands Henderson to be alleging that prison conditions have caused him to be in danger of physical harm at the hands of fellow prisoners, but beyond those broad allegations, this Court cannot understand the specific events at issue in this litigation or the specific ways in which Henderson believes the named defendants violated the law. Indeed, this Court cannot even tell whether Henderson's concerns are hypothetical (that is, Henderson is concerned that harm may befall him in the future) or based on events that have actually occurred. Finally, scattered throughout Henderson's complaint are comments that appear to be entirely irrelevant to this litigation. In short, Henderson's complaint fails to state a claim on which relief may be granted.

Even leaving this (substantial) problem aside, however, Henderson's complaint should be dismissed for having been brought in the improper venue. Under 28 U.S.C. § 1391(b),

> A civil action may be brought in —
>
> > (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
> >
> > (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
> >
> > (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

The District of Minnesota meets none of those conditions. The events at issue concern defendants located in the State of Georgia, where Henderson is incarcerated; none of the events at issue in Henderson's complaint took place in Minnesota; and there is no reason to believe that this action could not have been first brought in the district where a substantial part of the events

giving rise to the claim occurred.[1]  Accordingly, the District of Minnesota is the incorrect venue for this litigation.

Under 28 U.S.C. § 1406(a), "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."  This Court believes that dismissal, not transfer, is appropriate in this case.  As explained above, Henderson's incomprehensible complaint fails to state a viable claim, and thus transfer of this matter would simply result in dismissal of this lawsuit by a different court on a later date.  Neither justice nor judicial economy are served by postponing the inevitable.

RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY RECOMMENDED THAT:

1. This action be DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. § 1406(a).

2. Plaintiff Keith Henderson's application to proceed *in forma pauperis* be DENIED [ECF No. 2].

Dated:  March 25, 2015                         *s/Steven E Rau*
                                               Steven E. Rau
                                               U.S. Magistrate Judge

---

[1] This Court suspects that this litigation has been brought in the District of Minnesota only because Henderson has been characterized as an abusive filer in the Southern District of Georgia and is subjected to additional screening in that district before being permitted to file a civil complaint.  *See In re Keith Henderson*, No. 3:12–mc–00002–DHB (S.D. Ga. Dec. 18, 2012).  Since that order, Henderson has begun filing complaints similar to the complaint in this matter in other districts.  *See Henderson v. Thrash*, No. 1:14-CV-00202-NT, 2014 WL 2944065 (D. Me. June 20, 2014) (dismissing complaint for incorrect venue).  In any event, the imposition of screening restrictions on Henderson in Georgia does not transform the District of Minnesota into the appropriate venue for his claims.

**NOTICE**

Under D. Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **April 9, 2015**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within fourteen days after service thereof. All briefs filed under this rule shall be limited to 3500 words. A district judge shall make a de novo determination of those portions of the Report to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Eighth Circuit Court of Appeals.